UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.B., individually and on behalf of D.L.,

      *Plaintiff*,

- against -

New York City Department of Education

      *Defendant*.

COMPLAINT

Case No. 1:21-cv-2511

---

J.B., individually and on behalf of D.L., a child with a disability, for her complaint hereby alleges:

1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

2. At all times relevant to this action, Plaintiff J.B. and her son, D.L. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

3. Plaintiff J.B. is the parent of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7. By letter dated September 20, 2019, Plaintiff J.B. requested a due process hearing on behalf of D.L. pursuant to 20 U.S.C. §1415(f)(1).

8. Plaintiff J.B. sought a determination that the Department had denied her son a free appropriate public education, an order for compensatory educational services, and such other relief as the impartial hearing officer would determine to be fair and just.

9. Impartial Hearing Officer ("IHO") Edgar De Leon was assigned to the case.

10. An impartial hearing was conducted on July 7, August 13, and September 2, 2020.

11. Following the close of hearing, the IHO issued a decision ("IHO Decision") dated January 20, 2021.

12. The IHO found that DOE shall either reimburse the Parent and/or directly pay the cost of the student's tuition and related services at the private school for the entirety of the student's 2019-2020 school year thereat, as well as for the student's door-to-door

transportation from his residence to the school; and for the Independent neuropsychological evaluation obtained by the Parent in the amount not to exceed $5,500.00 for the evaluation.

13. The IHO further found that the DOE shall also conduct a re-evaluation of the student in all areas of his suspected disabilities, not identified above and not evaluated within the last two years, for the 2021-2022 school year.

14. The IHO further ordered that the CSE shall forthwith reconvene after the completion of the student's evaluations and consider all of the student's evaluations and any other relevant information and produce a new IEP for the student's 2021-2022 school year.

15. The IHO further ordered that any of the other relief sought by the Parent not addressed by his decision is found to be either agreed upon by the parties, withdrawn by the Parent, outside the scope of the IHO's authority or unsupported by the record.

16. Neither party appealed the decision of the IHO. Thus, the decision is final.

17. Plaintiff is a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

18. Plaintiff repeats and realleges paragraphs 1 through 14 as if more fully set forth herein.

19. Plaintiff has submitted to the Department a request for payment for services rendered ("attorney fee claim").

20. Plaintiff has attempted, without success, to resolve the attorney fee claim.

21. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

22. Plaintiff hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

23. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion. Thus, Plaintiff demands prejudgment interest.

**SECOND CAUSE OF ACTION**

24. Plaintiff repeats and realleges paragraphs 1 through 20 as if more fully set forth herein.

25. Plaintiff hereby demands reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3) Award to Plaintiff the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: March 23, 2021
New York, New York                                                                 Respectfully,

*/s/ Adam Dayan*

_____
Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiff*
Law Offices of Adam Dayan, PLLC
222 Broadway, 19th Floor
New York, New York 10038
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com