**VIA ECF**
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

```
Time to respond to the complaint is extended to
October 20, 2021. The conference is adjourned to
November 12, 2021 at 12:00 PM. The parties should
call in to (888) 363-4749 (access code: 8140049).
SO ORDERED.

New York, NY       /s/ John G. Koeltl
August 18, 2021    John G. Koeltl, U.S.D.J.
```

Re: *J.B. obo D.L. v. N.Y.C. Dep't of Educ.*, 21-cv-2511 (JGK)(KNF)

Dear Judge Koeltl:

I am a Assistant Corporation Counsel in the office of Corporation Counsel, Georgia M. Pestana, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq*., as well as for this action.

I write, as the supervisor of this case, to respectfully request a 30-day extension of Defendant's time to respond to the complaint, from August 20, 2021 to October 20, 2021. Additionally, Defendant also requests a corollary 30-day adjournment of the initial conference scheduled for September 8, 2021, to November 8, 2021 or a date thereafter convenient for the Court. This is the second request for an extension; the first request for an extension was made on June 18, 2021 and granted by Your Honor on June 21, 2021. Additionally, this is the second request for an adjournment of the conference; the first request for an adjournment was made on June 25, 2021 and granted by Your Honor on June 29, 2021. Plaintiff does not consent to these requests, for the following reasons (followed by context from Defendant on the reason and the need for the extension):

> *The manner in which the New York City Department Of Education and New York City Comptroller's Office have been handling IDEA fee claims filed by my firm has created a situation that is untenable. In some instances, following successful fee claim settlement negotiations, the agreed-upon funds are months overdue and, despite repeated assurances that the funds are being expedited for disbursement, they are not disbursed or even scheduled to be disbursed in the Payee Information Portal (PIP) system.*
>
> *In other instances, the PIP system indicates that settlement funds were in fact disbursed. However, the check does not arrive to our office and, despite weeks of follow-up, we are unable to obtain a replacement check.*

> *In still other instances, the Department has been slow to forward fee claim paperwork to our office and to execute stipulations of settlement, which has delayed matters further and created administrative burdens for our firm.*
>
> *The totality of these delays is hampering our firm's ability to operate and serve our clients.*
>
> *In general, we always try to be accommodating with the Department of Education and extend professional courtesies wherever possible.  The delays described above, however, are impeding our ability to be flexible with the Department when  it comes to requests for extensions and other professional courtesies for pending fee claim matters.*

The reason for the needed extension is to preserve the Court's resources as well as the parties' resources, and allow the parties to settle the case in the next several weeks.  As we have informed Mr. Dayan, we expect to be able to make a settlement offer within a week's time.

Preliminarily, I note that I have personally supervised many, many dozens of these cases seeking solely fees and costs for the Dayan Firm, and to date, am unaware of any case in which he has ultimately not been successful in receiving a settlement check from the New York City Comptroller's Office.  I have personally intervened in many cases with efforts to obtain updates as to when checks would be issued to Mr. Dayan.

In any event, while it is true that this case has taken a bit longer than usual to settle, the reason for that is twofold, with shared responsibility from both parties.  First, the formally assigned attorney, Gary Rives, suddenly retired in late July (as Mr. Dayan is aware), causing this case to be reassigned to Martha Nimmer.   Secondly, Mr. Dayan delayed several months in serving the City, which of course caused some delay (*See* ECF Nos. 1-6).

We want to underscore that over the past several years, Mr. Dayan has settled many of these IDEA fees-only cases with our office without the need for Court intervention whatsoever, due to the City's diligent and successful efforts to resolve these fee demands reasonably and swiftly.  I am disappointed that a standard courtesy would be withheld, which will serve only one purpose: it will needlessly cause Ms. Nimmer to spend time drafting an answer—which we typically never need to do in Mr. Dayan's cases—rather than simply turn to the process of obtaining settlement approval from the Comptroller in these fees-only cases, others of which to Ms. Nimmer is assigned.  Mr. Dayan knows full well that withholding consent in this case will do nothing toward speeding up the issuance of checks after this case or other cases settle: the City's Law Department has no control over the City Comptroller and its internal processes.

The requested extension and adjournment will provide Defendant with time to receive settlement authority from the Comptroller and make a settlement offer to Plaintiff.   We are hopeful that the parties will settle this matter without the need for further burden on the Court's time.

      Accordingly, Defendant respectfully requests that its time to respond to the complaint be extended to October 20, 2021, and that the September 8, 2021 conference be adjourned to November 8, 2021, or a date thereafter convenient for the Court

      Thank you for considering this request.

         Respectfully submitted,

         /s/
         Martin Bowe

cc:    Adam Dayan, Esq. (via ECF)